# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARGARET SCHORY, | ) | CASE NO. 07-62444 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the court on Debtor's Application to Proceed *In Forma Pauperis* (hereafter "application") filed on August 20, 2007. On August 22, 2007, the court entered an order requesting additional documentation from Debtor to assist the court in assessing her current financial condition. Debtor filed the requested documents on September 19, 2007.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor the qualitative and quantitative standards. *See* In re Stickney, 370 B.R. 31 (Bankr. D. N.H. 2007); In re Burr, 344 B.R. 234 (Bankr. W.D.N.Y. 2006). In a two-prong test, a debtor must first demonstrate that debtor's income is less than 150 percent of the official poverty limit, then must show an inability to pay the filing fee in installments. *See, e.g.,* Stickney at 36; In re Bradshaw, 349 B.R. 511 (Bankr. E.D. Tenn. 2006). Debtor carries the burden of proof on the elements and must establish both prongs by a preponderance of the evidence. In re Machia, 360 B.R. 416 (Bankr. D. Vt. 2007) Burr, 344 B.R. 234; In re Lineberry, 344 B.R. 487 (Bankr. W.D. Va. 2006). The court makes the determination to approve or deny an in forma pauperis application based on a totality of the circumstances. *See* Stickney, 370 B.R. 31; In re Robinson, 2007 WL 3498296 (Bankr. S.D. Ga. 2006) (not reported); Bradshaw, 349 B.R. 511; Machia, 360 B.R. 416.

In accordance with the above, the court will first determine whether Debtor's income is 150 percent of the poverty level. According to the Department of Health and Human Services 2007 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/07poverty.shtml, the poverty income for a family of one is

$10,210.00.[1] At 150 percent of poverty, the poverty income is $15,315.00 annually, or $1,276.75 per month.

Form B22A (the "means test") indicates Debtor's Annualized Current Monthly Income is $14,400.00 which is based on a monthly income of $1,200.00 from "amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support." The same income is reported on Schedule I. Debtor provided verification of her child support denoting a monthly payment of $1,205.06. The 2006 federal income tax return shows an adjusted gross income of $1,065.00. Clearly, the figures indicate that Debtor is below the 150% poverty threshold, not accounting for a larger family size. Debtor has satisfied the first prong of the test.

Next, the court must determine if Debtor has the ability to pay the filing fee in installments. After a thorough review of the application, the court finds that Debtor failed to carry the burden of proof on the second prong and has not demonstrated an inability to pay the filing fee in installments. The court notes that Debtor's only listed income is child support; Schedule J identifies her as "unemployed." However, based on the information before the court, it is the court's conclusion that Debtor is underemployed. An explanation on Schedule J indicates her income is subject to change based upon obtaining work as a substitute teacher, leading the court to the conclusion that Debtor has an education. Further, her tax return indicates that she was self-employed as a computer consultant during 2006, thereby leading the court to believe Debtor has employable skills. Debtor failed to prove that she does not have the means or ability to obtain a job to provide the means to pay the filing fee.

Additionally, the finds a material discrepancy in Debtor's schedules. Debtor's original Schedule A listed a residence at 7965 Sandleford Ave., N.W., North Canton, Ohio valued at $170,000.00. On October 3, 2007, Debtor amended Schedule A and disclosed an ownership interest in Lot #190, Waltham Woods, #5, Plain Township. The value of the property is $20,000.00. Neither the original Schedule A or amended Schedule A or Schedule D list any secured liens against the parcels of property. Although Debtor claimed an exemption of $170,000.00, the maximum homestead exemption available for residential real estate under Ohio law is $5,000.00. *See* O.R.C. § 2329.66(A)(1)(a). Consequently, there is substantial equity in the property.

Debtor also claims an expense deduction of $1,000.00 for mortgage/rent expense on Schedule J. Since there is no corresponding mortgage, the court cannot conclude this figure is reasonable. The IRS standard for mortgage/rent expenses in Stark County

---

[1] The court notes that Schedule J lists Debtor as single with no dependents. A copy of her 2006 federal income tax return, however, lists four dependents: three daughters and a son. Additionally, the child support verification documentation indicates that Debtor is still receiving child support for two children. Although the court concludes that her family size is greater than one, the actual size is unknown.

ranges from $621.00 (for one person) to $839.00 (for four or more persons). Whatever standard is utilized, if Debtor does pay mortgage or rent, Debtor exceeds the IRS standard. Similarly, the non-mortgage (utility) IRS standards range from $311.00 to $421.00 but Debtor's non-mortgage household expenses total $761.00, including $275.00 for "telephone" expenses.

Based on the above, the court cannot conclude that Debtor demonstrated, by a preponderance of the evidence, that she is entitled to a waiver of the filing fee. Therefore, the court hereby **DENIES** Debtor's application for waiver. Debtor shall be permitted to pay the filing fee in installments of $75.00 until the fee is paid in full and may pay the amount in full anytime during the payment plan.[2] The first payment is due on **November 1, 2007**. If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to United States Bankruptcy Court, 201 Cleveland Ave., S.W., Canton, OH 44702. If paying in person, Debtor shall bring either the exact amount of cash or a money order, payable to Clerk, United States Bankruptcy Court, to the Clerk's Office. Failure to pay the filing fee in accordance with this order will result in dismissal of the case.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig

---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

OCT 10 2007

**Service List**:

Margaret Schory
7965 Sandleford Ave., N.W.
North Canton, OH 44720

Anne Piero Silagy
220 Market Ave., S., #300
Canton, OH 44702

---

[2] The payment schedule is as follows:
    November 1, 2007:   $75.00
    November 15, 2007:  $75.00
    December 3, 2007:   $75.00
    December 17, 2007:  $74.00